DOWNING, J.
|2E.F.H., IV, appeals a judgment that terminated his parental rights and obligations and declared that his biological child, B.E.M., was free and eligible for adoption. For the following reasons, we affirm the judgment.
The trial court terminated E.F.H.’s parental rights to B.E.M. on grounds of abandonment for failing to support the child and failing to maintain significant contact with the child pursuant to La. Ch.C. art. 1015(4)(b) & (c). These paragraphs provide grounds for termination, as follows:
(4) Abandonment of the child by placing him in the physical custody of a nonparent, or the department, or by otherwise leaving him under circumstances demonstrating an intention to permanently avoid parental responsibility by any of the following:
* ⅜ ⅜ ⅜
(b) As of the time the petition is filed, the parent has failed to provide significant contributions to the child’s care and support for any period of six consecutive months.
(c) As of the time the petition is filed, the parent has failed to maintain significant contact with the child by visiting him or communicating with him for any period of six consecutive months.
E.F.H. appeals the judgment of the trial court, asserting eight assignments of error, as follows:
1. It was legal error to violate fundamental due process in terminating parental rights where a legal relationship did not exist;
2. It was legal error to violate fundamental due process in finding a lack of support predicated on a non-existent legal relationship;
3. It is legal error to terminate parental rights as to illegitimate children where the state fails to prove filiation;
4. It was legal error to violate fundamental due process in finding a lack of significant contact where the initial removal and placement caused parental alienation in derogation of law;
5. It was manifest and legal error to find intent to abandon based on one’s incapability based on disability;
6. It was legal error to implicitly decree parentage in termination pro *319 ceedings as the court lacked subject matter jurisdiction;
| .¡7. It was manifest and legal error to deny the defense of disability after finding one incapable of self-support based on disability;
8. It was manifest and legal error to anchor best interest determinations on findings inconsistent with the evidence.
DISCUSSION
To prevail in an action to terminate parental rights, the State need establish only one ground for termination, and the trial court must find that the termination is in the best interest of the child. La. Ch.C. art. 1037 B; State ex rel. J.A., 99-2905, p. 9 (La.1/12/00), 752 So.2d 806, 811. Additionally, the State must prove the elements of one of the enumerated grounds by clear and convincing evidence to sever the parental bond. La. Ch.C. art. 1035 A.
Here, the record clearly supports the trial court’s finding by clear and convincing evidence that E.F.H. has failed to maintain significant contact with B.E.M. by visiting him or communicating with him for any period of six consecutive months. While E.F.H. disputes the fact, testimony and Office of Community Services (OCS) records indicate that E.F.H. did not visit B.E.M. between July 23, 2008 and June 10, 2009. The record also supports the trial court’s finding by clear and convincing evidence that termination is in B.E.M.’s best interest. The child is thriving in his current placement, and E.F.H. has no apparent means to support the child. We find no merit in E.F.H.’s 8th assignment of error.
Even so, we review E.F.H.’s other assignments of error to consider whether he has stated grounds to defeat the termination.

Disability

In his 5th and 7th assignments of error, E.F.H. asserts that the trial court erred in not considering his disability in its finding that he failed to support his child. He provided uncontradicted evidence that he suffered a serious work accident that precluded his earning income and that he had not yet been approved for disability |4payments. He argues, therefore, that under La. Ch.C. art. 1035 B, he has proven an affirmative defense to abandonment. This paragraph provides as follows:
The parent asserting a mental or physical disability as an affirmative defense to abandonment under Article 1015(4) bears the burden of proof by a preponderance of the evidence.
We pretermit discussion of this assignment of error, however, because we conclude the State has proven grounds for abandonment under La. Ch.C. art. 1015(4)(c). Nothing in the record suggests that E.F.H.’s alleged disability interfered with his ability to visit with his child, except perhaps for the times he was actually in the hospital. E.F.H. testified that he was in and out of the hospital for a period of about four months. One ground for termination is sufficient. La. Ch.C. art. 1037 B.

Jurisdiction

E.F.H. argues in his 6th assignment of error that the trial court lacked subject matter jurisdiction because it lacked authority to decree paternity or filiation, citing La. Ch.C. art. 303. Article 303 addresses the exclusive jurisdiction of a court sitting as a juvenile court. Article 303(5) specifically gives a juvenile court jurisdiction to hear cases involving termination of parental rights pursuant to Title X of the Children’s Code. Even so, E.F.H. argues that this jurisdiction does not specifically include the authority to adjudicate paternity or filiation.
*320 An unwed biological father may have his parental rights terminated before he has activated them. A court exercising juvenile jurisdiction is required to order termination of parental rights when it finds by clear and convincing evidence that a statutory ground has been proven and that termination is in the child’s best interest. See La. Ch.C. art. 1087 B. Nothing in the law requires the trial court to first rule on whether an unwed biological father has activated his inchoate parental rights before the court can terminate them. See discussion below.
|fiThe action before us is one for termination of parental rights, not one for paternity or filiation. The trial court has specific jurisdiction over this function. Accordingly, E.F.H.’s argument in this regard is without merit.

Parental Rights

In his 1st, 2nd and 3rd assignments of error, E.F.H. appears to argue that because he does not have a fully-developed legal relationship with his illegitimate child, he has no parental rights to terminate. This argument misapprehends the law. “[P]arents have a natural, fundamental liberty interest to the continuing companionship, care, custody and management of their children warranting great deference and vigilant protection under the law.” J.A., 99-2905 at pp. 7-8, 752 So.2d at 810. In the case of an unwed father, however, the parent-child relationship is not constitutionally protected until the father demonstrates his fitness for parental responsibilities, commitment to those responsibilities, concrete actions taken to grasp his opportunity to be a father, and the potential for him to make a valuable contribution to the child’s development.[1] Matter of R.E., 94-2657, p. 2 (La.11/9/94), 645 So.2d 205, 207.
Before certifying that a child is free for adoption, a court must terminate an unwed father’s parental rights, whether active or inchoate. Despite E.F.H.’s arguments, a father’s parental rights need not be fully activated before they can be terminated.

Home Study

In his 4th assignment of error, E.F.H. argues that the OCS interfered with and thwarted his relationship with B.E.M. He argues that the trial court disregarded evidence that OCS interfered with the relationship “through silence and subterfuge.” Particularly, he seems to argue that OCS had a duty to place B.E.M. with him and his mother when OCS had an “approved” home study for the mother’s home.
|fiThe home study at issue contains notations in which the caseworker recommended denial of the placement. It also contains a supervisor’s notation, “Decision: approved.” E.F.H. argues that this means the placement was approved. The State argues that this language merely approved the caseworker’s recommendation. In either event, the record shows that OCS made B.E.M. available to E.F.H. and made efforts to foster a relationship between them. B.E.M. was available for E.F.H. to visit at all reasonable times. He did not avail himself of the opportunities. Despite E.F.H.’s argument, nothing in the record suggests that OCS failed to protect, or thwarted, his opportunity to form a rela *321 tionship with his child. This assignment of error is without merit.
DECREE
For the foregoing reasons we affirm the judgment of the trial court. Costs of this appeal are assessed to E.F.H., IV.
AFFIRMED.
McCLENDON, J. concurs and assigns reasons.

. An unwed father's rights do not require constitutional protection unless he demonstrates a full commitment to the responsibilities of parenthood by coming forward to participate in the rearing of his child and grasping the opportunity to accept some measure of responsibility for the child’s future. In re Adoption of B.G.S., 556 So.2d 545, 550 (La.1990). "This interest does not come into existence or is soon lost, however, if the father is unable to demonstrate that he is fit and committed to the responsibilities of parenthood.” Id., 556 So.2d at 550.